# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| KEVIN WILLIAMS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:23-cv-56-CWB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court for determination is a Motion to Dismiss (Doc. 7) filed by the United States. Pursuant to 42 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the exercise of civil jurisdiction by a United States Magistrate Judge. (Docs. 17 & 18). Upon consideration of the record, the undersigned now concludes that the Motion to Dismiss (Doc. 7) is due to be granted.

*Procedural History*

Kevin Williams commenced this action on February 17, 2022 in the District Court of Chambers County, Alabama. (Doc. 1-1). The sole named defendant in the Complaint was Glenda Powell Bargeron (*id*. at p. 1), and the core allegation was that Bargeron's negligence/wantonness resulted in an automobile accident that caused Williams to sustain various injuries and damages (*id*. at p. 8).

On January 23, 2023, proceedings were removed to this court. (Doc. 1). Removal was supported by a certification from Sandra J. Stewart, in her capacity as United States Attorney, that Bargeron "was acting within the scope of her federal employment at the time of the incident out of which this claim arises." (Doc. 1-2). More specifically, Bargeron was certified as driving

1

for the United States Postal Service. (*Id.*). According to the Notice of Removal, that certification resulted in an automatic substitution of the United States as the correct party defendant and mandated removal to federal court. (Doc. 1 at pp. 1-2).

On January 27, 2023, the United States filed a Motion to Dismiss on the basis that Williams had failed to exhaust available administrative remedies. (Doc. 7). By Order dated January 30, 2023, the court directed Williams to show cause as to why the Motion to Dismiss should not be granted. (Doc. 8). Williams subsequently filed a response focusing on his compliance with the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure and asserting that his claims should not be dismissed given that Bargeron failed to inform him of her federal employment status prior to suit being filed. (Doc. 14).

***Discussion***

"[T]he United States, as a sovereign entity, is immune from suit unless it consents to be sued." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015) (citations omitted). The Federal Tort Claims Act "is a specific, congressional exception to the general rule of sovereign immunity." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). Where it applies, the Federal Tort Claims Act permits tort liability to attach against the United States "in the same manner and to the same extent as a private individual under like circumstances … ." 28 U.S.C. § 2674 (but excluding liability for pre-judgment interest and punitive damages); *see also Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006).

When a state court action is predicated upon conduct committed by an employee of the United States, the Attorney General may provide a line and scope certification that has the effect of (1) mandating removal to federal court and (2) substituting the United States in place of the employee as the party defendant:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). The action then proceeds in federal court "in the same manner as any action against the United States filed pursuant to [the Federal Tort Claims Act] and shall be subject to the limitations and exceptions applicable to those actions." *Id*. at § 2679(d)(4).

Among the limitations imposed under the Federal Tort Claims Act is a requirement of administration exhaustion:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail**. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. §2675(a) (emphasis added). If a plaintiff does not exhaust administrative review, the court may not exercise subject matter jurisdiction. *Suarez*, 22 F.3d at 1065 ("A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency."). And it is clear that the process set out under the Federal Tort Claims Act provides the <u>exclusive</u> remedy for redressing claims falling within its reach. *See* 28 U.S.C. § 2679(b)(1); *see also Matsushita Elec. Co. v. Zeigler*, 158 F.3d 1167, 1169 (11th Cir. 1998).

The United States contends that Williams failed to exhaust his administrative remedies and that the court thus is precluded from exercising subject matter jurisdiction.  (Doc. 7).  In support of its argument, the United States has submitted a sworn declaration confirming that no administrative claim was received from Williams.  (Doc. 7-1).  For his part, Williams concedes that no administrative claim was filed but states that he "would certainly be willing to file an FTCA claim" should the court so direct.  (Doc. 14 at p. 7).

It appears that Williams fears becoming ensnared in a procedural whipsaw where his administrative claim will be deemed untimely due to the delay caused by the pendency of this action.  (*Id*. at pp. 4-7).  In that regard, the court notes that an administrative claim "shall be deemed timely presented" if "the claim would have been timely had it been filed on the date the underlying civil action was commenced, and … the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action."  28 U.S.C. § 2679(d)(5). Williams therefore will not be prejudiced by a dismissal of this action so long as he initiates an administrative claim within 60 days from the date of dismissal.

In short, "[s]overeign immunity can be waived only by the sovereign, and the circumstances of its waiver must be scrupulously observed, and not expanded, by the courts." *Suarez*, 22 F3d at 1065 (citing *United States v. Kubrick,* 444 U.S. 111, 117-18 (1979)).  The administrative exhaustion requirement under 28 U.S.C. § 2765(a) is a jurisdictional precondition of that waiver and must be enforced.  *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002).  Doing so here requires a finding that the court currently lacks subject matter jurisdiction over Williams's claims and that dismissal is appropriate.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

*Conclusion*

Accordingly, it is hereby **ORDERED** that the pending Motion to Dismiss (Doc. 7) is **GRANTED** and that all claims asserted in this action are **DISMISSED** without prejudice.

**DONE** this the 5th day of April 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**